■ PAUL K. FORSYTHE, Appellant, v ERNEST JACKSON, Respondent. [599 NYS2d 78] —In a negligence action to recover damages for personal injuries, the plaintiff appeals from a judgment of the Supreme Court, Kings County (Ramirez, J.), dated April 18, 1991, which granted the defendant's motion to dismiss the complaint for lack of personal jurisdiction.

Ordered that the judgment is reversed, on the law, with costs, the motion is denied, and the complaint is reinstated.

The plaintiff suffered serious injuries when, while crossing Sutphin Boulevard in Queens, he was struck by a motor vehicle, which sped away from the scene. Witnesses obtained the license plate number of the vehicle. A New York State Department of Motor Vehicles "Registration Plate Record" received by the plaintiff eight days later showed that the car was registered to the defendant, who lived at an address in Queens County. A process server served the defendant at that address by "nailing and mailing" the summons with notice. A New York State Department of Motor Vehicles "Abstract of Operating Record" subsequently obtained by the plaintiff showed that the defendant lived at a different address in Queens County.

In his answer, the defendant asserted lack of personal jurisdiction. In order to toll the Statute of Limitations, the plaintiff, relying upon CPLR 203 (b) (5) (i), filed his summons with the Queens County Clerk. He then continued his investigation into the defendant's whereabouts, ultimately uncovering a Nassau County address. The defendant, who was served at that address, moved to dismiss the complaint, arguing that the Queens County service was ineffective because the process server's affidavit did not establish the due diligence requirement of "nail and mail" service, that service upon the Queens County Clerk did not toll the Statute of Limitations, because the defendant lived in Nassau County, and that Nassau County service was "valueless" because it was made after the Statute of Limitations had expired. The Supreme Court agreed and dismissed the complaint. We now reverse.

CPLR 203 (b) (5) (i) provides, in relevant part, as follows:

"a claim asserted in the complaint is interposed against the defendant * * * when * * *

"[t]he summons is * * * filed with the clerk of that county within the city of New York in which the defendant resides, is

employed or is doing business, or if none of the foregoing is known to the plaintiff after reasonable inquiry, then of the county in which the defendant is known to have last resided, been employed or been engaged in business, or in which the cause of action arose * * * provided that:

"(i) the summons is served upon the defendant within sixty days after the period of limitation would have expired but for this provision".

The record demonstrates that prior to the filing with the Queens County Clerk, the plaintiff made reasonable inquiry to ascertain the defendant's address, and was only able to ascertain a Queens address. Accordingly, the tolling provision of CPLR 203 (b) (5) (i) was applicable and the plaintiff timely commenced this proceeding against the defendant. In light of our determination, we need not address the plaintiff's remaining contentions. Balletta, J. P., Rosenblatt, Miller and Joy, JJ., concur.