■ SALVADOR V. GONZALEZ, Respondent, v NIAGARA GRINDING WHEEL, INC., et al., Defendants, and RICHARD GOCCIA, Appellant. (And Two Third-Party Actions.) [608 NYS2d 889] — White, J. Appeal from that part of an order of the Supreme Court (Connor, J.), entered September 23, 1992 in Greene County, which denied defendant Richard Goccia's motion for summary judgment dismissing the complaint and all cross claims against him.

On April 29, 1991, one day prior to the expiration of the Statute of Limitations on his medical malpractice cause of action against defendant Richard Goccia (hereinafter defendant), plaintiff delivered the summons and complaint to the Greene County Sheriff who, on May 15, 1991, served defendant's wife at defendant's residence located in Dutchess County. Following joinder of issue, defendant moved for summary judgment on the ground that plaintiff's action against him was barred by the Statute of Limitations. Plaintiff responded by cross-moving for an order dismissing defendant's affirmative defenses of the Statute of Limitations and lack of

personal jurisdiction. Supreme Court denied defendant's motion and granted plaintiff's cross motion. This appeal ensued.

Defendant contends that plaintiff's attempt to toll the Statute of Limitations pursuant to CPLR 203 (b) (5) (i) was unavailing because defendant did not reside or work in Greene County at the time the summons was delivered to the Sheriff. Plaintiff maintains that he should have the benefit of the tolling provision because, after reasonable inquiry, he was unable to discover where defendant presently lived or worked. Thus, he had no alternative other than to deliver the summons to the Greene County Sheriff, the county where defendant was last known to be employed.

Our review of the record discloses that plaintiff retained his attorneys on February 11, 1991. Their investigation revealed the possibility of a malpractice cause of action against an unknown emergency room doctor employed by defendant Columbia-Greene Medical Center, Inc. On February 21, 1991, the attorneys took steps to obtain plaintiff's medical records from the Medical Center, as well as from the Workers' Compensation Board and the State Insurance Fund. Despite repeated inquiries, plaintiff was unable to obtain all of his medical records from the Medical Center until April 17, 1991. It was then that he learned defendant's name. Plaintiff's attorneys immediately called the Medical Center, which advised them that defendant no longer worked there but was now working for an unnamed emergency room physician's group in Dutchess County. The attorneys contacted such an organization without success. Subsequent calls to area hospitals were also unsuccessful. While plaintiff's inquiries may not have been the most efficacious, in our opinion they were reasonable (see, Forsythe v Jackson, 194 AD2d 588). Accordingly, we affirm.

Mikoll, J. P., Mercure, Crew III and Yesawich Jr., JJ., concur. Ordered that the order is affirmed, with costs.